■ KENNY WONG, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about November 30, 1990, permitting the Corporation Counsel to withdraw as counsel for defendant Bouknight, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion to withdraw is denied, without prejudice to a further application for such relief after the completion of pretrial disclosure, without costs.

The issue of whether a City employee was acting within the scope of his employment and is thus entitled to representation by the Corporation Counsel and indemnification by the City is to be determined in the first instance by the Corporation

Counsel (General Municipal Law § 50-k [2]) and his determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious. *(Matter of Williams v City of New York,* 64 NY2d 800, 802.)

However, where the Corporation Counsel has undertaken the defense of the City's employee, Bouknight, in this personal injury action based upon his alleged assault of plaintiff, by answering on his behalf and representing him for more than three years, it was improper to relieve him in the absence of a showing that the employee failed to or refused to cooperate in the formation or presentation of his defense *(see,* General Municipal Law § 50-k [4]).

The Corporation Counsel's conclusory assertion that the employee failed to request that he provide for his defense by not delivering a copy of the summons and complaint served upon him, as required by section 50-k (4), is belied by his actual assumption of such defense. There is also an insufficient basis in this record to warrant the conclusion, urged by the Corporation Counsel, that his service of an amended answer on behalf of Mr. Bouknight was erroneous in light of his written statement, dated March 31, 1987, that he was on his lunch break at the time of the incident. Moreover, the question of whether the employee's acts were committed within the scope of his employment is heavily dependent on factual considerations *(see, Riviello v Waldron,* 47 NY2d 297, 303) and a motion to withdraw as counsel is a poor vehicle to test an insurer's or, in this case, a self insurer's right to disclaim liability or deny coverage or representation *(see, Brothers v Burt,* 27 NY2d 905). Concur—Rosenberger, J. P., Kupferman, Ross, Asch and Kassal, JJ.