■ Joyce Lichtman et al., Appellants, v Sears, Roebuck & Company, Respondent, et al., Defendants. [653 NYS2d 25] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Meehan, J.), dated April 1, 1996, which denied their motion for leave to enter a default judgment based upon the failure of the defendant Sears Roebuck & Company to timely answer the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiffs allegedly served the defendant Sears, Roebuck & Company (hereinafter Sears) on August 8, 1995, by personal delivery of the summons and complaint upon a "security agent" in one of its stores. Sears' answer was allegedly served on September 28, 1995. There is a dispute as to whether the plaintiffs' attorney orally agreed to extend Sears' time to answer. In December 1995, when Sears sought a preliminary conference, the plaintiffs opposed the request and moved for leave to enter a default judgment.

We conclude that the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' motion. It is well settled that public policy favors the resolution of cases on the merits and that courts have broad discretion to grant relief from pleading defaults provided the moving party's claim or defense is meritorious, the default was not willful, and the other party is not prejudiced (*see, Davies v Contel of N. Y.,* 155 AD2d 809). Sears' verified answer was sufficient to establish that it had meritorious defenses (*see, Richard Kranis, P. C. v European Am. Bank,* 208 AD2d 904). Moreover, the plaintiffs have failed to establish any prejudice from the short delay, and the circumstances reveal that Sears intended to defend the

action (*see, e.g., Meyer v Rose*, 160 AD2d 565; *Walter v Rockland Armor & Metal Corp.*, 140 AD2d 335).

We have examined the plaintiffs' remaining contentions and find them to be without merit. Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.