■ Rose Piccirillo, Appellant, v Scarlino Fuel Oil Co., Inc., et al., Respondents. [696 NYS2d 699] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated September 16, 1998, which granted the defendants' motion for leave to serve a late answer and denied her cross motion for leave to enter a judgment against the defendants upon their failure to appear or answer.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court did not improvidently exercise its discretion in granting the defendants' motion for leave to serve a late answer and denying the plaintiff's cross motion (*see, Lichtman v Sears, Roebuck & Co.*, 236 AD2d 373; *Richard Kranis, P. C. v European Am. Bank*, 208 AD2d 904). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.

■ Roberta Pryor, Appellant, v Arthur Reichert, Respondent, et al., Defendant. [696 NYS2d 525] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 7, 1998, as granted the defendant Arthur Reichert's motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified by adding thereto a provision severing the action against the remaining defendant; as so modified, the order is affirmed insofar as appealed from, with costs to the respondent.

The plaintiff was allegedly injured while she was a passenger in a motor vehicle operated by the defendant Shari L. Joyner, which was involved in a collision with a motor vehicle operated by the defendant Arthur Reichert. Reichert demonstrated his entitlement to judgment as a matter of law by establishing that Joyner violated Vehicle and Traffic Law § 1141 when she made a left turn directly into the path of his vehicle, as he legally proceeded through an intersection (*see, Miranda v Devlin*, 260 AD2d 451; *Diasparra v Smith*, 253 AD2d 840; *Zuckerman v City of New York*, 49 NY2d 557).

In opposition to the motion, the plaintiff's conclusory and speculative assertions concerning Reichert's possible negligence were unsupported by any competent evidence. Thus, the plaintiff did not overcome Reichert's prima facie showing of entitlement to judgment as a matter of law (*see, Miranda v Devlin, supra; Bolta v Lohan*, 242 AD2d 356; *Alvarez v Prospect Hosp.*, 68 NY2d 320). Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.