■ JOSEPH GOLDMAN, as Administrator of the Estate of FORTUNATE GOLDMAN, Deceased, et al., Appellants, v CITY OF NEW YORK et al., Defendants, and CARLOS R. ANCHUNDIA, Respondent. [731 NYS2d 212] —In an action to recover damages for personal injuries and wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 29, 2001, which denied their motion for leave to enter a judgment against the defendant Carlos R. Anchundia upon his failure to appear or answer, and granted the cross motion of that defendant pursuant to CPLR 2004 to extend his time to serve his answer.

Ordered that the order is affirmed, with costs.

On July 6, 1999, the defendant Carlos R. Anchundia was driving an automobile on Ocean Parkway in Brooklyn when he struck and severely injured the plaintiff's decedent, who died from her injuries later that day. At the time of the accident, Anchundia was employed as a New York City police officer. Thereafter, by summons and complaint filed April 14, 2000, the plaintiffs commenced this action against Anchundia, the City, and the Police Department, seeking damages, *inter alia,* for Goldman's wrongful death. According to the plaintiffs, service was effectuated upon Anchundia on May 24, 2000, by af-

fixing the summons and complaint to the door of his residence, and mailing the documents to him. Approximately four months later, the plaintiffs moved for leave to enter a judgment against Anchundia upon the ground that he had failed to appear in the action or serve an answer to the complaint. Anchundia then cross-moved, pursuant to CPLR 2004, for an extension of time in which to serve an answer. In an affirmation in support of the cross motion, Anchundia's attorney explained that he did not receive a copy of the summons and complaint until November 7, 2000, and that initially there was some confusion as to whether the City would be undertaking Anchundia's defense, since he had been sued in his capacity as a police officer. The cross motion was accompanied by, *inter alia*, a proposed verified answer, which denied the allegations of negligence set forth in the complaint, and asserted several affirmative defenses, including contributory negligence. The Supreme Court denied the plaintiffs' motion for leave to enter a default judgment, and granted Anchundia's cross motion to extend his time to answer.

The Supreme Court properly denied the plaintiffs' motion for leave to enter a judgment upon Anchundia's default, and granted the cross motion to extend his time to answer. It is well settled that public policy favors the resolution of cases on the merits. Courts have broad discretion to grant relief from pleading defaults where the moving party's claim or defense is meritorious, the default was not willful, and the other party is not prejudiced (*see, Cleary v East Syracuse-Minoa Cent. School Dist.,* 248 AD2d 1005; *Lichtman v Sears, Roebuck & Co.,* 236 AD2d 373). Anchundia's delay in serving his answer was brief and not willful, and there is no evidence that the plaintiffs were prejudiced by the delay (*see, Khanna v Premium Food & Sports Enter.,* 279 AD2d 508; *Trent v Bedford Stuyvesant Restoration Ctr.,* 277 AD2d 444). Furthermore, the proposed verified answer which Anchundia submitted in support of his cross motion was sufficient to demonstrate the existence of a potentially meritorious defense (*see, Richard Kranis, P. C. v European Am. Bank,* 208 AD2d 904; *Buderwitz v Cunningham,* 101 AD2d 821). Although our dissenting colleagues contend that the proposed answer cannot suffice to establish that Anchundia has a meritorious defense to the action because it was verified by counsel, as permitted by CPLR 3020 (d), we note that we have previously accepted an answer verified by counsel as sufficient to demonstrate a meritorious defense in the context of a motion for leave to serve a late answer pursuant to CPLR 2004 (*see, Piccirillo v Scarlino Fuel Oil Co.,* 265 AD2d 470). There is no indication that the attorney who veri-

fied the defendant's answer in *Piccirillo* actually witnessed the subject accident, and while the defendant driver did submit an affidavit in that case, it merely stated that he was driving slowly when he struck the plaintiff pedestrian, and that his attorney informed him that he had a meritorious defense. In addition, while an Administrative Law Judge suspended Anchundia's driver's license based upon a finding that he had violated Vehicle and Traffic Law § 1146 by failing to exercise due care to avoid striking a pedestrian, this finding does not conclusively establish, as a matter of law, that the decedent was free from contributory negligence. In sum, given the strong public policy in favor of resolving cases on their merits, and considering the brevity of the unintentional delay, the Supreme Court providently exercised its discretion in affording Anchundia an opportunity to defend this action. O'Brien, J. P., Krausman and Schmidt, JJ., concur.

Goldstein, J., dissents and votes to reverse the order appealed from, grant the motion, and deny the cross motion, with the following memorandum, with which Crane, J., concurs. In order to justify the vacatur of his default, the respondent was obligated to submit evidence of a meritorious defense (*see, Fiore v Galang,* 64 NY2d 999). The Supreme Court accepted the respondent's proposed verified answer in lieu of an affidavit of merit. The respondent's proposed verified answer was verified by his attorney pursuant to CPLR 3020 (d) (3), which permits an attorney to verify a pleading, if the respondent is not in the county where the attorney has his or her office.

It is well settled that a verified pleading may be accepted in lieu of an affidavit of merit (*see, A & J Concrete Corp. v Arker,* 54 NY2d 870, 872). However, it is also well settled that the affirmation of an attorney which does not contain evidentiary facts from one having personal knowledge of the facts is insufficient to establish the merits of a claim (*see, Ferrara v Guardino,* 164 AD2d 932, 933; *Giammanco v City of New York,* 124 AD2d 642). Similarly, a pleading verified by an attorney pursuant to CPLR 3020 (d) (3) and not by someone with personal knowledge of the facts is insufficient (*see, Peterson v Scandurra Trucking Co.,* 226 AD2d 691; *McKenna v Solomon,* 255 AD2d 496). The fact that the respondent and his attorney were in different counties did not excuse the respondent's obligation to submit proof in admissible form of a meritorious defense.

We note that in *Piccirillo v Scarlino Fuel Oil Co.* (265 AD2d 470), relied upon by the majority, the defendants, as proof of merit, submitted both an answer verified by counsel, who

claimed he had personal knowledge of the facts, and an affidavit from the defendant driver. That case is clearly distinguishable from the instant case.

Moreover, in the instant case, the respondent's proposed verified answer contained general denials and conclusory "boilerplate" assertions. It is completely devoid of evidentiary facts. Even if the answer had been verified by someone with personal knowledge of the facts, the conclusory assertions contained therein would be insufficient (*see, Smith v City of New York*, 237 AD2d 344; *Terranova v Gallagher Truck Ctr.*, 121 AD2d 621).

The plaintiffs' motion papers included specific allegations of negligence on the part of the respondent, to wit, that the respondent entered the intersection where the plaintiff's decedent was struck at an excessive rate of speed, in violation of Vehicle and Traffic Law §§ 1146 and 1180 (e). The respondent's driver's license was suspended by an Administrative Law Judge based upon his alleged conduct in violation of the Vehicle and Traffic Law. Despite allegations that he was negligent per se by violating a statutory standard of care, neither he nor his attorney presented any evidentiary facts to refute those allegations. His verified answer contains a conclusory assertion that "culpable conduct of the plaintiffs brought about the alleged damages," but fails to allege, even in conclusory terms, what that culpable conduct was.

The majority states that the finding of the Administrative Law Judge suspending the respondent's driver's license "does not conclusively establish, as a matter of law, that the [plaintiffs' decedent] was free from contributory negligence." However, the plaintiffs did not have the burden of submitting evidence, conclusive or otherwise, that the respondent lacked a meritorious defense. Rather, it was the respondent's burden to submit evidence of a meritorious defense (*see, Neuman v Greenblatt*, 260 AD2d 616). Since he woefully failed to meet that burden, the plaintiffs' motion for leave to enter a default judgment should have been granted (*see, Fiore v Galang, supra*).