■ FLORY SKERRET, an Infant, by Her Mother and Natural Guardian, FLORIDALMA SKERRET, et al., Plaintiffs, v KHANNA NIXON, Respondent, and ANDREW FORWAND, Appellant. [736 NYS2d 378] —In an action to recover damages for personal injuries, etc., the defendant Andrew Forwand appeals from an amended order of the Supreme Court, Queens County (Thomas, J.), dated May 14, 2001, which, in effect, denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the amended order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

Flory Skerret (hereinafter Skerret) allegedly was injured when she was struck by a vehicle driven by Nixon Khanna sued herein as Khanna Nixon, as she attempted to cross Utopia Parkway in Queens. In an unsuccessful attempt to avoid striking Skerret, Khanna simultaneously applied his brakes and swerved to his left. The appellant Andrew Forwand was also operating his vehicle on Utopia Parkway and traveling in the same direction as Khanna, but in the lane directly to Khanna's left. Khanna's evasive swerve to the left put his vehicle directly into the lane of traffic occupied by Forwand. Moments after Khanna struck Skerret, the right front portion of Forwand's vehicle came into contact with the left rear quarterpanel of Khanna's vehicle. Skerret commenced the action against both Khanna and Forwand, and Forwand subsequently moved for summary judgment, contending inter alia, that he neither caused nor contributed to Skerret's injuries. Only Khanna opposed the motion.

Forwand made a prima facie showing of entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). In opposition to the motion, Khanna's conclusory and speculative assertions concerning Forwand's possible negligence were unsupported by any competent evidence and were thus insufficient to defeat the motion (*see,* CPLR 3212 [b]; *Child v Suffolk County Water Auth.,* 283 AD2d 537; *Pryor v Reichert,* 265 AD2d 470). Accordingly, Forwand is entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Altman, J.P., Smith, Adams and Prudenti, JJ., concur.