■ JOSEPH V. FRANZA et al., Respondents, v RUGOF REALTY, LTD., Defendant, and SKYLINE TRAVEL & TOUR BUS CORP., Appellant. [740 NYS2d 224] —In an action to recover damages for personal injuries, etc., the defendant Skyline Travel & Tour Bus Corp. appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated October 16, 2001, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The appellant, Skyline Travel & Tour Bus Corp. (hereinafter Skyline), maintained its offices on the second floor of 52-15 11th Street, Long Island City, New York. Skyliner Management Corp. (hereinafter Skyliner Management) leased garage space in the same building. Skyline and Skyliner Management, two separate corporate entities, leased their respective office space and garage space from Mach I Transportation Services, Inc. Skyliner Management serviced and repaired Skyline's tour buses.

On September 20, 1997, a fire broke out in the garage area. The plaintiff Joseph V. Franza (hereinafter Franza), a firefighter, was dispatched to the fire. While investigating the smoke in the garage area, Franza fell into a maintenance pit and allegedly sustained personal injuries. Franza and his wife commenced suit against, among others, Skyline. Skyline moved for summary judgment asserting that it did not exert any control over the maintenance pit and that it was a separate entity from Skyliner Management.

Skyline made a prima facie showing that it was entitled to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). In opposition to the motion, Franza's conclusory and speculative assertions concerning Skyline's possible connection to Skyliner Management and any control it might have exerted over the maintenance pit were unsupported by any competent evidence. Thus, they are insufficient to defeat the motion for summary judgment (*see* CPLR 3212 [b]; *Skerret v Nixon,* 290 AD2d 500; *Child v Suffolk County Water Auth.,* 283 AD2d 537; *Pryor v Reichert,* 265 AD2d 470). Accordingly, Skyline is entitled to summary judgment dismissing the complaint insofar as asserted against it. Ritter, J.P., Goldstein, Friedmann and Luciano, JJ., concur.