■ ROBERT REVITZ, Respondent, v KINGSLAND GROUP, INC., et al., Defendants, and STELLAR FUNDING, LLC, Appellant. [776 NYS2d 509]—

In an action, inter alia, for a judgment declaring a mortgage null and void, the defendant Stellar Funding, LLC, appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered April 22, 2003, which granted the plaintiff's motion to sever the first cause of action and, in effect, for summary judgment in his favor on that cause of action and denied its cross motion to vacate its default in answering the complaint and to compel the plaintiff to accept its answer.

Ordered that the order is affirmed, with costs.

The Supreme Court properly exercised its discretion in granting the plaintiff's motion to sever the first cause of action and, in effect, for summary judgment in his favor on that cause of action and in denying the appellant's cross motion to vacate its default, in view of the lack of a meritorious defense and prejudice to the plaintiff, despite the fact that the default did not appear to be willful (*see Goldman v City of New York,* 287 AD2d 482 [2001]; *Kaiser v Delaney,* 255 AD2d 362 [1998]). The appellant's contention that the servicing agreement which appointed the defendant Kingsland Group, Inc. (hereinafter Kingsland), the plaintiff's servicing agent for the mortgage, also gave Kingsland the apparent authority to mortgage the subject property, was unreasonable (*see Standard Funding Corp. v Lewitt,* 89 NY2d 546 [1997]; *Ford v Unity Hosp.,* 32 NY2d 464, 472-473 [1973]).

The appellant's remaining contentions are without merit. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.