■ SHAUN DANIELS, Respondent, v BOVIS LEND LEASE, INC., et al., Appellants. [783 NYS2d 308]—

In an action to recover damages for personal injuries, (1) the defendants Met Life Real Estate Advisors, Inc., and Insignia Residential Group, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated March 25, 2004, as granted that branch of the plaintiff's motion which was for leave to enter a judgment against them upon their failure to appear or answer and denied that branch of the defendants' cross motion which was to compel the plaintiff to accept the defendants' answer, and (2) the defendant Bovis Lend Lease, Inc., separately appeals, as limited by its brief, from so much of an order of the same court dated

March 31, 2004, as granted that branch of the plaintiff's motion which was for leave to enter a judgment against it upon its failure to appear or answer and as denied that branch of the defendants' cross motion which was to compel the plaintiff to accept the defendants' answer.

Ordered that the orders are reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is denied, and that branch of the cross motion which was to compel the plaintiff to accept the defendants' answer is granted.

Considering the short delay in answering, the absence of prejudice to the plaintiff, the lack of willfulness on the part of the defendants, and the public policy in favor of resolving cases on the merits, the delay in serving the answers should have been excused (*see* CPLR 2004, 3012 [d]; *Trimble v SAS Taxi Co.*, 8 AD3d 557 [2004]; *Goodman v New York City Health & Hosps. Corp.*, 2 AD3d 581 [2003]; *Veith Enters. v Electrical Dev. & Constr.*, 292 AD2d 376 [2002]; *Calcagno v Magistrelli*, 284 AD2d 289 [2001]).

Furthermore, the defendants' proposed answers sufficiently demonstrated the existence of potentially meritorious defenses (*see Lichtman v Sears, Roebuck & Co.*, 236 AD2d 373 [1997]). Santucci, J.P., Smith, S. Miller, Cozier and Fisher, JJ., concur.