■ KENO HARRIS, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [817 NYS2d 99]—

In an action, inter alia, to recover damages for false arrest and imprisonment, assault and battery, malicious prosecution, and deprivation of civil rights pursuant to 42 USC § 1983, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated April 13, 2005, as denied his motion for leave to enter a default judgment against the defendant Dion Edwards upon his failure to appear or answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 1, 2003 the plaintiff Keno Harris was arrested on a Brooklyn street by Police Officer Dion Edwards. The plaintiff claims that he was arrested as well as assaulted by Officer Edwards because he refused to stop videotaping other police officers who were beating another citizen. Following his arrest the plaintiff was charged with various crimes, the nature of which are not revealed in the sparse record before this Court. However, according to the plaintiff, all criminal charges against him were dismissed on August 7, 2003.

Over one year later, by summons and complaint dated September 10, 2004, the plaintiff commenced this action against the City of New York, Officer Edwards, and an unidentified officer designated as John Doe, to recover damages, inter alia, for false arrest and imprisonment, assault and battery, malicious prosecution, and deprivation of civil rights pursuant to 42 USC § 1983. Service on the City was effected on September 24, 2004 and the City timely answered on or about October 15, 2004. The City's answer denied essential allegations in the complaint, including claims that the plaintiff had been falsely arrested and assaulted by the defendant police officers. In addition, the City alleged, as an affirmative defense, that "such acts as were committed by law enforcement officers in the employ of the City of New York in the scope of their employment were justified as being reasonably necessary, and were committed in good faith without malice and with probable cause, and in the performance

of discretionary functions for which defendant(s) are qualifiedly privileged under the laws of this State and of the United States."

The plaintiff did not serve Officer Edwards until the evening of October 14, 2004, when a process server delivered copies of the summons and complaint to a person of suitable age and discretion at the officer's precinct. On the following day, the process server mailed copies of the summons and complaint to Officer Edwards at the precinct address. As required by CPLR 308 (2), the plaintiff filed proof of service on October 21, 2004. Pursuant to the statute, service was deemed complete 10 days after filing on October 31, 2004 (*see* CPLR 308 [2]) and Officer Edwards was required to appear or answer the complaint by November 30, 2004 (*see* CPLR 320 [a]).

By notice of motion dated January 12, 2005, about six weeks after Officer Edwards's time to answer the complaint had expired, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against him. In an affirmation in support of the motion, the plaintiff's attorney noted that Officer Edwards had failed to answer or otherwise appear in the action, and that since he had not been given an extension of time to answer, he was now in default. In opposition to the motion, an Assistant Corporation Counsel submitted an affirmation stating that the City would be interposing an answer on behalf of the officer. Counsel explained that the City's decision as to whether to provide a defense to a police officer was a time-consuming process, which did not begin until the officer formally requested representation. She then noted that due to Officer Edwards's recent request for representation in this matter, and the tremendous caseload the City was burdened with, the City was unable to answer sooner on behalf of the officer.

The record indicates that on the same day that the City submitted its opposition to the plaintiff's motion, an amended answer was served both on behalf of the City and Officer Edwards. The amended answer, which was nearly identical to the original answer interposed by the City, was verified by an employee in the Corporation Counsel's office who averred that its contents were true to her own knowledge, except as to matters alleged upon information and belief, which she believed to be true based upon the files, books, and records maintained by the City.

After hearing oral argument, the Supreme Court denied the plaintiff's motion. We affirm.

A defendant seeking to vacate a default in answering must demonstrate a reasonable excuse for the default and the exis-

tence of a meritorious defense (*see* CPLR 5015 [a]; *Orangetown Policemen's Benevolent Assn. v Town of Orangetown*, 18 AD3d 841 [2005]; *Low Surgical & Med. Supply, Inc. v McAfee*, 15 AD3d 547 [2005]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]). However, public policy favors the resolution of cases on their merits, and courts have broad discretion to grant relief from pleading defaults where the defaulting party has a meritorious claim or defense, the default was not willful, and the opposing party is not prejudiced (*see Bunch v Dollar Budget, Inc.*, 12 AD3d 391 [2004]; *Daniels v Bovis Lend Lease, Inc.*, 12 AD3d 342 [2004]; *Goldman v City of New York*, 287 AD2d 482 [2001]; *Cleary v East Syracuse-Minoa Cent. School Dist.*, 248 AD2d 1005 [1998]; *Lichtman v Sears, Roebuck & Co.*, 236 AD2d 373 [1997]).

The Supreme Court acted within the scope of its discretion in excusing Officer Edwards's default. Turning first to the issue of whether a reasonable excuse was offered for the default, we must consider whether the City's delay in undertaking the officer's defense was justifiable. Pursuant to General Municipal Law § 50-k (2), the City is obligated to provide a defense to its employees in any civil action "arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." In such circumstances, the City must also indemnify the employee from any judgment that may be obtained against him or her in the civil suit (*see* General Municipal Law § 50-k [3]). This statutory provision serves to protect the personal financial interests of public employees "from the potentially ruinous legal consequences following from unintentional lapses in the daily discharge of their duties" (*Blood v Board of Educ. of City of N.Y.*, 121 AD2d 128, 132 [1986]; *see Matter of Galvani v Nassau County Police Indem. Review Bd.*, 242 AD2d 64, 68 [1998]). Under the terms of the statute, the Corporation Counsel is charged, in the first instance, with the responsibility to make a factual determination as to whether, inter alia, an employee was acting within the scope of his or her employment, and is thus entitled to representation and indemnification (*see Matter of Salino v Cimino*, 1 NY3d 166, 172 [2003]; *Matter of Williams v City of New York*, 64 NY2d 800, 802 [1985]; *Blood v Board of Educ. of City of N.Y., supra* at 130). The Corporation Counsel's duty to make this factual determination is not triggered until the employee requests representation, which may be accomplished by delivery of the summons and complaint to the office of the law department (*see* General Municipal Law § 50-k [4]).

Taking into account the fact that the Corporation Counsel must necessarily conduct an investigation to properly make an initial determination as to whether a City employee was acting within the scope of employment, both this Court and the First Department have found delays in answering excusable where the defendant employee was awaiting a determination as to whether the City would be undertaking his or her defense (*see Goldman v City of New York, supra; Silverio v City of New York,* 266 AD2d 129 [1999]). Indeed, a contrary conclusion would be inconsistent with the aim of General Municipal Law § 50-k, which is to protect municipal employees from personal financial exposure for actions taken in the course of their employment. Accordingly, we conclude that Officer Edwards's relatively brief delay in answering the complaint in this action was reasonably excused by the fact that the City required time to conduct an investigation and make a determination as to whether to undertake his defense.

Moreover, the existence of a potentially meritorious defense in this case is adequately established by both the amended answer served on behalf of Officer Edwards and the City, and by the City's timely-served original answer. The amended answer was verified by an employee in the Corporation Counsel's office and not by Officer Edwards personally. This Court has not unyieldingly imposed a requirement that a pleading be verified by a party in order to demonstrate merit (*see e.g. Bunch v Dollar Budget, Inc., supra; Daniels v Bovis Lend Lease, Inc., supra; Goldman v City of New York, supra; Piccirillo v Scarlino Fuel Oil Co.,* 265 AD2d 470 [1999]; *Lichtman v Sears, Roebuck & Co., supra*). Here, in addition to denying the essential allegations of wrongdoing set forth in the complaint, both the original and amended answers set forth, as an affirmative defense, that the actions of the defendant law enforcement officers in the City's employ were reasonably necessary, committed in good faith without malice, and with probable cause.

It is also significant to note that the City, which timely interposed its answer, would be liable for nearly all of the wrongful acts allegedly committed by Officer Edwards under the doctrine of respondeat superior. Indeed, in this regard the Court observed in *Drawhorn v Iglesias* (254 AD2d 97 [1998]), that "[a] default judgment against the police officer was properly refused, notwithstanding his failure to submit an affidavit of merit, where the City timely answered in a case based on respondeat superior liability for the acts of an employee who had not requested representation until after the City had answered" (*see also Johnson v Marriott Mgt. Serv. Corp.,* 262 AD2d 141

[1999]; *Vines v Manhattan & Bronx Surface Tr. Operating Auth.*, 162 AD2d 229 [1990]).

Furthermore, the absence of an affidavit of merit from Officer Edwards is not fatal. In *Silverio v City of New York* (*supra* at 129), which bears a strong factual resemblance to the case at bar, the First Department observed that "rigid adherence to a requirement that there be affidavits of merit by the police officers themselves would be inappropriate" where the City's delay in answering on behalf of the officers was due to its investigation of its obligation to defend them.

Under these circumstances, and considering the brevity of the delay, the strong public policy in favor of resolving cases on their merits, and the purpose for which General Municipal Law § 50-k was enacted, the Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment against Officer Edwards. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.