*888 OPINION OF THE COURT
Jack M. Battaglia, J.
The Corporation Counsel of the City of New York, counsel in this action to defendants City of New York and Oslyn R Wood, moves by order to show cause dated March 7, 2007 to be relieved as counsel for defendant Wood. (See CPLR 321 [b] [2].) The stated bases for the motion are Mr. Wood’s “failure to cooperate in the defense of this suit” and his “unavailability to assist in his defense.” (See affirmation in support of order to show cause to be relieved as counsel ¶ 8.) Mr. Wood has not appeared on the motion; plaintiff Menachem Mendel Ceitlin opposes. As will appear, the motion is denied at this time with leave to renew in accordance with this opinion.
On January 16, 2003, plaintiff was attempting to cross Eastern Parkway near Albany Avenue when he was struck by a truck owned by the City and driven by Mr. Wood, the City’s employee. Plaintiff’s summons and verified complaint, filed on May 9, 2003, were answered by the Corporation Counsel on behalf of the City and Mr. Wood, as to the latter presumably in accordance with the requirements of General Municipal Law § 50-k. The statute provides for the City’s defense and indemnity of City employees with respect to any alleged act or omission of the employee “while . . . acting within the scope of his public employment and in the discharge of his duties and . . . not in violation of any rule or regulation of his agency.” (See General Municipal Law § 50-k [2], [3].)
On January 11, 2006, plaintiff took the deposition of Mr. Wood, during which Mr. Wood was instructed by his counsel not to answer seven questions. The questions were marked for ruling by the court, and by notice of motion dated June 30, 2006 plaintiff moved for ruling by the court, and for an order compelling a response to a notice for discovery and inspection dated March 15, 2006. In an order dated August 9, 2006 of Honorable Martin M. Solomon, Mr. Wood was ordered to appear for a further examination before trial, to be held by September 15, and to answer six of the seven questions that were not answered on January 11. Defendants were also ordered to respond to the March 15 discovery demand, also by September 15. On the date of Justice Solomon’s order, Mr. Wood was no longer employed by the City; he had resigned in December 2005.
When defendants failed to comply with either portion of the August 9 order, plaintiff moved by notice of motion dated October 17, 2006 for an order striking their answer. On the *889 eventual return date, February 28, 2007, defendants’ counsel advised the court that Mr. Wood could not be contacted, and that counsel intended to move to be relieved. Counsel was given until March 16 to so move, and the City was ordered to respond to plaintiffs year-old discovery demand by the same date or have its answer striken. Plaintiffs motion was otherwise denied, with leave to renew after determination of Mr. Wood’s counsel’s motion to be relieved.
The Disciplinary Rules of the Code of Professional Responsibility prescribe the circumstances for mandatory and permissive withdrawal by a lawyer from representation of a client. (See Code of Professional Responsibility DR 2-110 [22 NYCRR 1200.15].) Generally, “a lawyer shall not withdraw from employment until the lawyer has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client.” (22 NYCRR 1200.15 [a] [2].) Among the grounds for permissive withdrawal is conduct by the client that “renders it unreasonably difficult for the lawyer to carry out employment effectively.” (See 22 NYCRR 1200.15 [c] [1] [iv]; Green v Gasparini, 24 AD3d 505, 506 [2d Dept 2005].) The client’s “failure to respond to any communication from counsel” may make it “unreasonably difficult for [the lawyer] to represent him effectively.” (See Bok v Werner, 9 AD3d 318, 318 [1st Dept 2004].)
In this case, however, there is the further critical consideration that counsel’s representation of Mr. Wood is mandated by statute, although no mention of General Municipal Law § 50-k appears in counsel’s submissions on this motion. This court has found only one published opinion addressing a motion by the Corporation Counsel to be relieved from representation of a City employee. In Wong v City of New York (174 AD2d 486, 487 [1st Dept 1991]), the First Department held that
“where the Corporation Counsel has undertaken the defense of the City’s employee ... by answering on his behalf and representing him for more than three years, it was improper to relieve him in the absence of a showing that the employee failed to or refused to cooperate in the formation or presentation of his defense.”
The Court (174 AD2d at 487) cited a provision of the statute that conditions the City’s “duty to defend or indemnify” on “the full cooperation of the employee in the defense of such action or proceeding and in the defense of any action or proceeding against the City based upon the same act or omission.” (See General Municipal Law § 50-k [4].)
*890 The Court stated, in addition, that “a motion to withdraw as counsel is a poor vehicle to test an insurer’s or, in this case, a self insurer’s right to disclaim liability or deny coverage or representation.” (174 AD2d at 487; see also Brothers v Burt, 27 NY2d 905, 906 [1970].) The reference is to a body of case law holding that “[t]he appropriate vehicle for resolving a dispute over the coverage offered by a [liability insurance] policy is a declaratory judgment action in which the [insured] would be able to adequately litigate the facts of the insurance carrier’s disclaimer.” (See Seye v Sibbio, 33 AD3d 608, 608 [2d Dept 2006], quoting Pryer v DeMatteis Orgs., 259 AD2d 476, 477 [2d Dept 1999].)
The First Department has since held that there is no “bright line rule that . . . withdrawal of counsel . . . should be denied as an inappropriate vehicle for testing the propriety of an insurer’s disclaimer of coverage,” and that where “there exists [a] discrete issue of [the client’s] adamant refusal to cooperate with [counsel] in its defense,” that issue may be resolved on counsel’s motion to be relieved. (See Dillon v Otis El. Co., 22 AD3d 1, 3-4 [1st Dept 2005].) The Second Department’s position on the question is not as clear. (See Seye v Sibbio, 33 AD3d at 608-609.)
Assuming that the Corporation Counsel may proceed by motion to be relieved in the circumstances of this case does not mean that the motion can be determined without reference to the statute that mandates representation and the statute’s underlying policy. (See Wong v City of New York, 174 AD2d at 486.) “[T]he statute is primarily directed at saving imperfect and, therefore, fallible public employees from the potentially ruinous legal consequences following from unintentional lapses in the daily discharge of their duties.” (Blood v Board of Educ. of City of N.Y., 121 AD2d 128, 132 [1st Dept 1986]; see also Harris v City of New York, 30 AD3d 461, 464 [2d Dept 2006].) That policy is not inconsistent with the policies underlying the rules governing private agreement for legal representation and liability insurance, but would not be recognized among them.
The record does not contain any written engagement agreement between the Corporation Counsel and Mr. Wood, nor any written policies or practices relating to the Corporation Counsel’s representation of City employees. We have only the Assistant Corporation Counsel’s statement that she “ask[s] every City witness to let [her] know if they change their contact information or move and explain[s] that their cooperation is *891 necessary to maintain representation by the Office of the Corporation Counsel.” (See affirmation in reply to plaintiffs opposition and in further support of the City’s motion to be relieved as counsel H 13.) It may well be that in most circumstances an affirmation of counsel that the particular employee was, in fact, warned that a failure to provide current contact information would result in loss of representation would be enough to support a motion to withdraw.
It would not, however, be enough here at least with respect to proceedings seeking a penalty for defendants’ failure to comply with Justice Solomon’s August 9, 2006 order. Given counsel’s role in putting Mr. Wood at risk of a penalty, delaying any withdrawal until after the question of penalty is resolved is appropriate as an attempt “to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client” (see 22 NYCRR 1200.15 [a] [2]), as well as a discharge of the City’s and counsel’s obligations pursuant to General Municipal Law § 50-k.
Again, the August 9 order required that Mr. Wood appear for a further examination before trial, to take place by September 15, and to answer six of the seven questions that he was instructed not to answer at his January 11 deposition. The January deposition was conducted before the October 1, 2006 effective date of the Uniform Rules for the Conduct of Depositions (see Uniform Rules for Trial Cts [22 NYCRR] part 221). Even at that time, however,
“[t]he proper procedure during the course of an examination before trial [was] to permit the witness to answer all questions posed, subject to objections pursuant to subdivisions (b), (c) and (d) of CPLR 3115, unless the question [was] clearly violative of the witness’s constitutional rights or of some privilege recognized in law, or [was] palpably irrelevant.” (See Mora v Saint Vincent’s Catholic Med. Ctr. of N.Y., 8 Misc 3d 868, 869 [Sup Ct, NY County 2005]; see also O’Neill v Ho, 28 AD3d 626, 627 [2d Dept 2006]; Tardibuono v County of Nassau, 181 AD2d 879, 881 [2d Dept 1992]; Freedco Prods. v New York Tel. Co., 47 AD2d 654, 655 [2d Dept 1975].)
Despite counsel’s continuing contention that the questions that Mr. Wood was instructed not to answer were “irrelevant fishing expedition questions, the answers to which would be inadmissible at trial” (see affirmation in reply to plaintiff’s opposition and in further support of the City’s motion to be *892 relieved as counsel ¶ 3), that contention was clearly rejected by Justice Solomon in his August 9 order. On the other hand, plaintiffs contention that “if Mr. Wood’s [sic] does not appear for a further deposition, his answer will be striken on default” (see affirmation in opposition ¶ 4) is at best premature. The appropriate penalty, if any, to be assessed for defendants’ failure to comply with Justice Solomon’s order will be determined on plaintiff’s renewed motion for a penalty, should he choose to make it, and not on this motion. Justice Solomon’s order does, however, present a risk of adverse action against Mr. Wood (and the City) that is a material and substantial circumstance on the pending motion.
The Assistant Corporation Counsel indicates no attempt to contact Mr. Wood after receipt of plaintiffs motion to compel. Her efforts to contact Mr. Wood after Justice Solomon ordered the further deposition by September 15 consisted of a message left on his cell phone on August 9, and a letter that was mailed on August 16 by certified mail with return receipt requested. (See affirmation in support of order to show cause to be relieved as counsel ¶ 5.) Although the envelope on the August 16 mailing shows that it was returned unclaimed on September 10, no further attempt to contact Mr. Wood was made until another letter was sent on October 6 (see id.), well after the date for compliance with the August 9 order, and apparently no investigation was undertaken to locate Mr. Wood until late November. Indeed, the investigator’s report indicates that on August 9, and perhaps even on September 15, Mr. Wood still resided at the address provided to the City. (See id., exhibit D.)
Given the conduct that resulted in the plaintiffs motion and the August 9 order — that is, counsel’s violation of disclosure rules — and the possible consequence for Mr. Wood, counsel’s efforts to contact him were not sufficiently diligent. Since it appears likely that, even after further investigation, Mr. Wood will not be located, and he will not, therefore, receive actual notice of plaintiffs renewed motion for a penalty, it seems highly appropriate that the Corporation Counsel continue to represent him for purposes of that motion.
Finally, although not raised by the Corporation Counsel, the court notes that generally a conflict of interest would provide an independent basis for an attorney’s withdrawal from representation of a client. (See 22 NYCRR 1200.15 [b] [2]; 1200.24 [b]; Rivardeneria v New York City Health & Hosps. Corp., 306 AD2d 394, 395 [2d Dept 2003].) A conflict of interest would also *893 “excuse the Corporation Counsel’s defense obligation pursuant to General Municipal Law § 50-k (2).” (See Blood v Board of Educ. of City of N.Y., 121 AD2d at 134.) A conflict created in part by the Corporation Counsel’s own actions might present the “extraordinary circumstances” that would justify retention of separate counsel for the City or the employee. (See Corning v Village of Laurel Hollow, 48 NY2d 348, 351 [1979]; Judson v City of Niagara Falls, 140 App Div 62, 65-67 [4th Dept 1910], affd 204 NY 630 [1912]; Blood v Board of Educ. of City of N.Y., 121 AD2d at 134.)
The motion to be relieved as counsel is denied with leave to renew after determination of any renewed motion by plaintiff for a penalty for violation of the August 9, 2006 order of Honorable Martin M. Solomon. Any renewed motion by plaintiff shall be served within 30 days after the date of this order. Any renewed motion to be relieved should follow further investigation to locate defendant Oslyn R. Wood, the investigation to follow the guidelines provided in appendix A to the opinion of the Supreme Court in Benefield v City of New York (14 Misc 3d 603 [Sup Ct, Bronx County 2006]).