ALLAN JENNINGS, Appellant, v QUEENS TRIBUNE PUBLICATIONS, LLC, et al., Respondents. [956 NYS2d 528]—

On or about October 30, 2009, an article was published in the defendant South East Queens Press about the plaintiff and certain real property in South Ozone Park owned by the plaintiff and leased to a tenant who was complaining about the living conditions. In October 2010, the plaintiff, pro se, commenced this action against the defendants to recover damages for defamation. The defendants allegedly were served with the summons and complaint in February 2011, but did not serve an answer until August 2011. One day after being served with the answer, the plaintiff moved for leave to enter judgment against the defendants on the issue of liability upon the defendants' failure to serve a timely answer. The defendants cross-moved pursuant to CPLR 3012 (d) to compel the plaintiff to accept their answer. In an order dated November 2, 2011, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. Thereafter, the defendants moved for leave to reargue and/or renew their cross motion and their opposition to the plaintiff's motion. In an order dated March 1, 2012, the

Supreme Court granted that branch of the defendants' motion which was for leave to reargue and, upon reargument, in effect, vacated the order dated November 2, 2011, and, thereupon, denied the plaintiff's motion and, in effect, granted their cross motion.

The Supreme Court properly granted reargument, and, upon reargument, properly denied the plaintiff's motion for leave to enter judgment against the defendants on the issue of liability upon their failure to serve a timely answer, and, in effect, properly granted the defendants' cross motion pursuant to CPLR 3012 (d) to compel the plaintiff to accept their answer. The defendants demonstrated a reasonable excuse for serving an untimely answer (*see Weinstein v Schacht*, 98 AD3d 1106, 1107 [2012]). In addition, the defendants' submission of their answer and an affidavit of merit, both verified by their attorney, sufficiently demonstrated a potentially meritorious defense (*see Harris v City of New York*, 30 AD3d 461, 465 [2006]; *Goldman v City of New York*, 287 AD2d 482, 483-484 [2001]). Moreover, the plaintiff was not prejudiced by the delay involved, the defendants' delay in answering was not willful, and public policy favors the resolution of cases on their merits (*see Zeccola & Selinger, LLC v Horowitz*, 88 AD3d 992, 993 [2011]; *Daniels v Bovis Lend Lease, Inc.*, 12 AD3d 342, 343 [2004]; *Goldman v City of New York*, 287 AD2d at 483).

The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination. Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.