Sanderson-Burgess v City of New York (2025 NY Slip Op 00893)

Sanderson-Burgess v City of New York

2025 NY Slip Op 00893

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-02467
 (Index No. 700149/11)

[*1]Lynne Sanderson-Burgess, plaintiff,
v
City of New York, appellant, Francis Brown, respondent, et al., defendants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Devin Slack and Susan Paulson of counsel), for appellant.
Maury B. Jospehson, Ithaca, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of sex and unlawful retaliation in violation of Administrative Code of the City of New York § 8-107, the defendant City of New York appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered February 18, 2021. The order, insofar as appealed from, denied the cross-motion of the defendant City of New York for summary judgment dismissing so much of the cross-claim of the defendant Francis Brown as sought to recover attorneys' fees and costs incurred in her defense of this action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross-motion of the defendant City of New York for summary judgment dismissing so much of the cross-claim of the defendant Francis Brown as sought to recover attorneys' fees and costs incurred in her defense of this action is granted.
In July 2008, the plaintiff, an employee of the New York City Police Department (hereinafter the NYPD), filed a complaint with the NYPD's Office of Equal Employment Opportunity (hereinafter the OEEO), claiming that the defendant Francis Brown inappropriately touched the plaintiff and made certain comments toward the plaintiff at their workplace. After an investigation, the OEEO found that the plaintiff's claims were substantiated. Brown was thereafter presented with a discipline report dated June 9, 2009, with the subject, "Report of Violation of the Rules and Procedures." The discipline report detailed that Brown, inter alia, subjected a coworker to "inappropriate touching" on three separate occasions. Further, the discipline report stated that the "complaint was substantiated by OEEO" and provided Brown with the options, among others, to "accept the finding" or "decline to accept any disciplinary action without a . . . hearing." By signing and dating the document and checking a box next to one of the given options, Brown "accept[ed] the finding and the proposed disciplinary action."
In March 2011, the plaintiff commenced this action against Brown and the defendant City of New York, among others, to recover damages for employment discrimination on the basis of sex and unlawful retaliation in violation of Administrative Code of the City of New York § 8-107. In July 2011, Brown requested that the Corporation Counsel of the City of New York (hereinafter [*2]Corporation Counsel) provide her with legal representation in this action, but Corporation Counsel denied her request. Brown retained her own counsel and interposed an answer, in which she asserted a cross-claim against the City pursuant to General Municipal Law § 50-k, among other things, to recover attorneys' fees and costs incurred in her defense of this action.
In an order entered September 21, 2016, the Supreme Court granted Brown's motion for summary judgment dismissing the complaint insofar as asserted her and to sever her cross-claim against the City and granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appealed from this order. In a decision and order dated June 26, 2019, this Court affirmed the order insofar as appealed from (see Sanderson-Burgess v City of New York, 173 AD3d 1233, 1233).
In November 2019, Brown moved for summary judgment on so much of her cross-claim as sought to recover attorneys' fees and costs incurred in her defense of this action. The City cross-moved for summary judgment dismissing that portion of the cross-claim. By order entered February 18, 2021, the Supreme Court denied Brown's motion and the City's cross-motion. The City appeals from so much of the order as denied its cross-motion.
Pursuant to General Municipal Law § 50-k(2), the City must provide for the defense of its employees in any civil action "arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his [or her] public employment and in the discharge of his [or her] duties and was not in violation of any rule or regulation of his [or her] agency at the time the alleged act or omission occurred" (see Harris v City of New York, 30 AD3d 461, 464). In such circumstances, the City must also indemnify the employee from any judgment obtained against him or her in the civil suit (see General Municipal Law § 50-k[3]; Harris v City of New York, 30 AD3d at 464). The aim of this statute is to protect the personal financial interests of public employees "from the potentially ruinous legal consequences following from unintentional lapses in the daily discharge of their duties" (Blood v Board of Educ. of City of N.Y., 121 AD2d 128, 132; see Harris v City of New York, 30 AD3d at 464). Under the terms of the statute, Corporation Counsel is responsible for making the initial factual determination as to whether an employee was acting within the scope of employment and, thus, entitled to representation and indemnification (see General Municipal Law § 50-k; Matter of Williams v City of New York, 64 NY2d 800, 802; Harris v City of New York, 30 AD3d at 464). This determination by Corporation Counsel "may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious" (Matter of Williams v City of New York, 64 NY2d at 802; see Weitman v City of New York, 222 AD2d 316, 316; Wong v City of New York, 174 AD2d 486, 487; see also Mosca v City of New York, 2019 WL 5592855, *3, 2019 US Dist LEXIS 188309, *7 [ED NY, No. 17-CV-4327 (SJF) (SIL)]).
Here, the City demonstrated its prima facie entitlement to summary judgment dismissing so much of Brown's cross-claim as sought to recover attorneys' fees and costs incurred in her defense of this action by submitting the discipline report, in which Brown accepted the OEEO's substantiated findings, inter alia, that she subjected a coworker to "inappropriate touching" on three separate occasions. This provided a sufficient factual basis for Corporation Counsel's determination that Brown was not entitled to representation or indemnification on the ground that Brown violated one or more NYPD rules and was not acting within the scope of her employment (see generally General Municipal Law § 50; Matter of Williams v City of New York, 64 NY2d at 802). In opposition, Brown failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the City's cross-motion for summary judgment dismissing so much of Brown's cross-claim as sought to recover attorneys' fees and costs incurred in her defense of this action.
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court