Camara v Five Star Carting, Inc. (2025 NY Slip Op 01783)

Camara v Five Star Carting, Inc.

2025 NY Slip Op 01783

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-01837
 (Index No. 508058/19)

[*1]Abdoulaye Camara, appellant, 
v
Five Star Carting, Inc., et al., respondents.

Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Joshua Block], of counsel), for appellant.
Gordon Rees Scully Mansukhani, New York, NY (Eshan Akbari and Joseph Salvo of counsel), for respondent Five Star Carting, Inc.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Robert S. Whitbeck, Iryna S. Krauchanka, and Andrea M. Alonso of counsel), for respondents Five Star Carting NY, LLC, and Five Star Carting, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated January 14, 2022. The order, insofar as appealed from, (1) granted the motion of the defendant Five Star Carting, Inc., for leave to reargue its opposition to that branch of the plaintiff's prior motion which was for leave to enter a default judgment against it, and its cross-motion to compel the plaintiff to accept its late answer, which had been granted and denied, respectively, in an order of the same court dated February 3, 2020, (2) granted the separate motion of the defendants Five Star Carting NY, LLC, and Five Star Carting, LLC, for leave to reargue their opposition to that branch of the plaintiff's prior motion which was for leave to enter a default judgment against them, and their cross-motion to compel the plaintiff to accept their late answer, which had been granted and denied, respectively, in the order dated February 3, 2020, and, (3) upon reargument, in effect, vacated the order dated February 3, 2020, and, thereupon, denied the plaintiff's prior motion for leave to enter a default judgment against the defendants and granted the cross-motion of the defendant Five Star Carting, Inc., and the separate cross-motion of the defendants Five Star Carting NY, LLC, and Five Star Carting, LLC, to compel the plaintiff to accept their late answers.
ORDERED that the order dated January 14, 2022, is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.
Under the circumstances presented, the Supreme Court providently exercised its discretion in granting the motion of the defendant Five Star Carting, Inc. (hereinafter Five Star Carting), and the separate motion of the defendants Five Star Carting NY, LLC, and Five Star Carting, LLC (hereinafter together the Five Star LLCs), for leave to reargue (see CPLR 2221[d]; Christopulos v Christopulos, 209 AD3d 968, 969). Further, upon reargument, the court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment against the defendants and in granting the cross-motion of Five Star Carting and the separate cross-motion [*2]of the Five Star LLCs to compel the plaintiff to accept their late answers (see CPLR 3012[d]). Considering the lack of any prejudice to the plaintiff as the result of the relatively short, non-willful delay, the existence of potentially meritorious defenses, and the public policy favoring the resolution of cases on the merits, the court providently exercised its discretion in excusing the defendants' delays in answering the complaint (see Grammas v Lockwood Assoc., LLC, 107 AD3d 947, 947-948; Schonfeld v Blue & White Food Prods. Corp., 29 AD3d 673, 673; Goldman v City of New York, 287 AD2d 482, 483-484).
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court