■ ROBIN HABACHT, Respondent, v PATRICK CAROCCIA, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Kuffner, J.), dated January 13, 1987, which denied his motion to vacate a default judgment of the same court, entered September 26, 1986.

Ordered that the order is affirmed, with costs.

The Supreme Court did not abuse its discretion in denying the defendant's motion to vacate the default judgment. The record on appeal reflects that the defendant was served with a summons and verified complaint on March 15, 1986. Sometime in April 1986 the defendant forwarded the summons and complaint to his insurer, the Utica Mutual Insurance Company (hereinafter Utica). On April 14, 1986, Utica requested and obtained a one-month extension to serve an answer. No answer was served during that time.

Thereafter, in June 1986, the plaintiff moved for leave to enter a default judgment based on the defendant's failure to serve an answer. Neither the defendant nor Utica made any opposition to that motion and it was granted by order dated July 17, 1986. Copies of the order together with notice of inquest were served upon the defendant and Utica.

Neither the defendant nor a Utica representative appeared at the scheduled inquest. At that time the plaintiff produced documentation regarding her injuries and was awarded the sum of $750,000.

No reasonable excuse has been provided for the inordinate delay in answering the complaint, for failing to respond to the plaintiff's motion for leave to enter a default judgment, or for failing to appear at the scheduled inquest. The excuse proffered, i.e., "inadvertence", is unsatisfactory under the circumstances (see, Association for Children with Learning Disabilities v Zafar, 115 AD2d 580, lv dismissed 67 NY2d 607; Chochla v Oak Beach Inn Corp., 115 AD2d 584). Thus, the defendant is not entitled to vacatur of the default judgment. Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.