■ EDNA ROMERO, Respondent, et al., Plaintiff, v PRADEEP KHANIJOU et al., Appellants, et al., Defendant. [623 NYS2d 262] —In an action to recover damages for personal injuries, etc., the defendants Pradeep Khanijou and Rita Khanijou appeal from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated March 3, 1993, as denied that branch of their motion which was to dismiss the first cause of action of the amended complaint insofar as it is asserted against them as barred by a general release.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellants' motion which was to dismiss the first cause of action of the amended complaint insofar as it is asserted against them is granted, and the action against the remaining defendant is severed.

On February 25, 1989, the plaintiff Edna Romero was injured in an accident at premises where she was employed. She was treated at a hospital and was released with a diagnosis of a concussion. On March 6, 1989, Mrs. Romero was prescribed dilantin for epilepsy. On or about March 9, 1989, she retained an attorney.

Mrs. Romero testified at an examination before trial that after she retained an attorney, but before the action was commenced, the appellant Rita Khanijou telephoned her and suggested that they "work something out" because a lawsuit would take years. Mrs. Romero could not remember the nature of her discussions with the appellants, because they talked about "many things".

On March 30, 1989, in consideration of $4,500, Mrs. Romero signed a general release releasing the appellants from "all

actions, causes of action * * * claims, and demands whatsoever * * * by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this release". The release further provided that the "Releasor can read, write and converse in the English language". However, Mrs. Romero claimed she did not read the release and did not realize what she was signing.

Thereafter, the instant action was commenced. The appellants sought summary judgment on the ground that the action against them was barred by the general release, but the Supreme Court found there were questions of fact as to its validity. We disagree.

"A party who signs a document without any valid excuse for having failed to read it is 'conclusively bound' by its terms" *(Sofio v Hughes,* 162 AD2d 518, 519, quoting from *Gillman v Chase Manhattan Bank,* 73 NY2d 1, 11). The terms of the general release were clear and unambiguous *(see, DeQuatro v Zhen Yu Li,* 211 AD2d 609).

Mrs. Romero's contention that the release should be set aside on the ground of mutual mistake, because she was unaware of the nature of her injuries at the time she executed it, is without merit. The record indicates that Mrs. Romero was fully aware of the nature of her injuries. In any event, it is well-settled that "[i]f the injury is known, and the mistake * * * is merely as to the consequence, future course, or sequelae of a known injury, then the release will stand" *(Mangini v McClurg,* 24 NY2d 556, 564; *see, DeQuatro v Zhen Yu Li, supra).*

Further, there is no evidence in the record that Mrs. Romero could not have consulted with her attorney before executing the release, had she chosen to do so.

Accordingly, the action, insofar as it is against the appellants, is barred by the general release. Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.