■ PARVIZ LAVI, Appellant, v HEIDAR HAMEDANI et al., Respondents, et al., Defendant. [651 NYS2d 126] —In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), entered October 20, 1995, as denied those branches of his motion which were for summary judgment and to dismiss the counterclaim and the affirmative defense of fraud asserted by the defendants Heidar Hamedani and Khadiyeh Hamedani.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion is granted in its entirety, the respondents' third affirmative defense and counterclaim are dismissed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The plaintiff established his entitlement to summary judgment on the mortgage foreclosure by producing the mortgage and unpaid note along with evidence of default (*see, DiNardo v Patcam Serv. Sta.,* 228 AD2d 543; *North Fork Bank v Hamptons Mist Mgt.,* 225 AD2d 595). The respondents Heidar Hamedani and Khadiyeh Hamedani have failed to raise any defense which would raise a question of fact as to their default. The affirmative defense of fraud must fail because it is well settled that a party who signs a document is bound by its terms, even if he failed to read the document, without any valid excuse for having failed to do so (*see, Gillman v Chase Manhattan Bank,* 73 NY2d 1; *Romero v Khanijou,* 212 AD2d 769). Moreover, the respondents' counterclaim, which asserts that the plaintiff, as an officer and shareholder of a corporation, is personally liable for the alleged breach of an employment agreement between this corporation and the respondent Heidar Hamedani, is also without merit. The respondents have failed to raise any facts necessary for a court to pierce the corporate veil so as to hold the plaintiff liable for any breaches on the part of this corporation (*see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135; *Seuter v Lieberman,* 229 AD2d 386).

In deciding this appeal, this Court has considered exhibits A through D of the respondents' appendix. These exhibits had been submitted to the Supreme Court in opposition to the plaintiff's motion for, among other relief, summary judgment, and therefore they are part of the record on appeal. Pizzuto, J. P., Santucci, Friedmann and Florio, JJ., concur.