■ HARRY KOSLOWSKI, Also Known as HARRY M. KOSLOWSKI, Respondent, v SAM KOSLOWSKI, Also Known as SAMUEL KOSLOWSKI, et al., Appellants, et al., Defendant. [664 NYS2d 821] —In an action, inter alia, for an accounting, the imposition of a constructive trust, and to recover damages for conversion, the

defendants Samuel Koslowski, Eva Kroh, and David Kroh appeal from so much of an order of the Supreme Court, Kings County (Garry, J.), entered August 29, 1996, as denied their cross motion for (1) summary judgment dismissing the complaint, and (2) sanctions pursuant to 22 NYCRR part 130.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the appellants' cross motion which were to dismiss the first, second, and third causes of action and substituting therefor a provision granting those branches of the appellants' cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

The plaintiff brought this action against his parents, the defendants Sam Koslowski and Helen Koslowski, his sister, the defendant Eva Kroh, and his brother-in-law, the defendant David Kroh, alleging that Sam Koslowski had used $45,000 which he received as the plaintiff's guardian pursuant to a 1964 New Jersey Surrogate's Court's order to acquire millions of dollars in assets, including three apartment buildings and various bonds. The plaintiff sought, *inter alia*, an accounting of the guardianship estate, an accounting of securities in two accounts maintained by Edward D. Jones & Co. (hereinafter the Jones Accounts) and damages for conversion of the securities in the Jones Accounts. The plaintiff thereafter moved, *inter alia*, to consolidate the action with two other actions. The appellants cross-moved, *inter alia*, for summary judgment, asserting, among other things, that the complaint was barred by: (1) a release concerning the guardianship estate executed on July 14, 1980, (2) admissions made by the plaintiff in affidavits dated November 29, 1994, and August 31, 1995, respectively, submitted in other actions, and (3) the Statute of Limitations. The Supreme Court denied the appellants' cross motion. We modify.

The court should have granted that branch of the appellants' cross motion which was to dismiss the plaintiff's first cause of action, seeking an accounting of the guardianship estate. It is not disputed that the guardianship was terminated by order of the New Jersey Surrogate's Court in 1980 and that the plaintiff was aware in 1986, at the latest, that assets from the estate had been used to purchase, among other things, the three apartment buildings. Accordingly, the plaintiff's demand for an accounting is barred by the six-year Statute of Limitations (*see, Matter of Barabash,* 31 NY2d 76; *Matter of Behr,* 191 AD2d 431; NJ Stat Annot § 2A:14-1; CPLR 213 [1]). In any event, the plaintiff's first cause of action is also barred by a

release he signed in 1980 concerning the estate. The release, which is properly subscribed and acknowledged, thereby giving rise to a presumption of due execution, may be rebutted only upon a showing of clear and convincing evidence to the contrary (*see generally, Spilky v Bernard H. La Lone, Jr., P. C.,* 227 AD2d 741, 743; *Son Fong Lum v Antonelli,* 102 AD2d 258, 260-261, *affd* 64 NY2d 1158). The law is the same in New Jersey, the situs of the guardianship trust (*see,* NJ Stat Annot § 2A:82-17; *see also, Dencer v Erb,* 142 NJ Eq 422, 426, 60 A2d 282, 285; *Beck v Edwards & Lewis,* 141 NJ Eq 326, 329-330, 57 A2d 459, 462; *Walkowitz v Walkowitz,* 95 NJ Eq 249, 250, 122 A 835). Here, the plaintiff's assertion that he has no recollection of signing the release and that it may be a forgery are insufficient to raise a question of fact as to its enforceability (*see, Spilky v Bernard H. La Lone, Jr., P. C., supra,* at 743).

The plaintiff's second and third causes of action, concerning the Jones Accounts, must also be dismissed. In a 1994 affidavit submitted by the plaintiff in another action, he expressly stated that he never had an ownership interest in assets in the Jones Accounts and that his name had been added to the accounts (and later removed) in an attempt by his parents to avoid inheritance taxes upon their death. These sworn statements are admissible against the plaintiff as informal judicial admissions (*see, Michigan Natl. Bank-Oakland v American Centennial Ins. Co.,* 89 NY2d 94; Prince, Richardson on Evidence § 8-219, at 529 [Farrell 11th ed]). Although not conclusive, informal judicial admissions are "evidence" of the fact or facts admitted and may, if unrebutted and unexplained, support a motion for summary judgment (*see, Michigan Natl. Bank-Oakland v American Centennial Ins. Co., supra,* at 103; *Jack C. Hirsch, Inc. v Town of N. Hempstead,* 177 AD2d 683). Here, the plaintiff has failed to rebut or otherwise explain the admissions he made in the affidavit. His assertion that he did not read the affidavit before signing is, without more, insufficient for this purpose (*see, Lavi v Hamedani,* 234 AD2d 428; *Romero v Khanijou,* 212 AD2d 769; *cf., Da Silva v Musso,* 53 NY2d 543, 550).

The parties' remaining contentions are without merit. Rosenblatt, J. P., Ritter, McGinity and Luciano, JJ., concur.