■ MARRIETTA FALCONIERI, Appellant, v A & A DISCOUNT AUTO RENTAL et al., Respondents. [692 NYS2d 137] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Belen, J.), dated July 24, 1998, which granted the defendants' motion to dismiss the complaint on the ground that the action was barred by a general release.

Ordered that the order is affirmed, with costs.

On February 8, 1997, the plaintiff, Marrietta Falconieri, was injured in an automobile accident when the car she was driving was struck by a car owned by the defendant A & A Discount Auto Rental and driven by the defendant George Porrata. Approximately 18 days after the accident and after negotiations

with counsel for the defendants' insurance carrier, the plaintiff signed a general release, in consideration for $434.08, in which she released all claims against the defendants as to property damage and personal injury. In September 1997 the plaintiff commenced this action to recover damages for personal injuries. In their answers, the defendants raised, *inter alia*, the affirmative defense of general release, and subsequently moved to dismiss the complaint on that basis.

The plaintiff contends that the release should be set aside because she was unaware of the nature of her injuries at the time she executed it and she only intended to release the defendants from her property damage claims. "The general rule is that 'a valid release which is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced as a private agreement between parties'" (*Thailer v LaRocca,* 174 AD2d 731, 733, quoting *Appel v Ford Motor Co.,* 111 AD2d 731, 732). Where the language with respect to the parties' intent is clear and unambiguous, it will be given effect, regardless of one party's claim that she intended something else (*see, DeQuatro v Zhen Yu Li,* 211 AD2d 609; *Thailer v LaRocca, supra*). In this case, the language of the release was plain and unambiguous. Moreover, the face of the settlement check, which the plaintiff cashed without objection, bore the inscription "Settlement in Full". Since the plaintiff wilfully subscribed to the release, she cannot now avoid the obligation by merely stating that she did not understand its terms (*see, DeQuatro v Zhen Yu Li, supra,* at 610).

Furthermore, the record does not support the plaintiff's claim that the parties were mutually mistaken as to the nature and extent of her injuries at the time the release was executed. The undisputed evidence indicates that at least five days before the plaintiff signed the release, she and the defendants' counsel had received the doctor's report which concluded that the plaintiff suffered from a bulging cervical disc. Thus, it is more likely that the plaintiff was mistaken as to the consequences or future course of a known injury, which is an insufficient basis for avoiding the general release (*see, Mangini v McClurg,* 24 NY2d 556, 564; *Romero v Kahnijou,* 212 AD2d 769; *DeQuatro v Zhen Yu Li, supra,* at 610).

The plaintiff's remaining contention is without merit. Ritter, J. P., Santucci, Luciano and H. Miller, JJ., concur.