■ EVELYN TROTMAN, Appellant, v AYA CAB CORP. et al., Respondents. [751 NYS2d 875] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jones, J.), dated April 4, 2002, which, in effect, granted the defendants' motion, inter alia, to vacate an order of the same court, dated February 27, 2001, granting the plaintiff's motion for leave to enter a judgment upon their failure to appear or answer.

Ordered that the order dated April 4, 2002, is reversed, with costs, the defendants' motion is denied, the order dated February 27, 2001, is reinstated, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages.

A defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see Incorporated Vil. of Hempstead v Jablonsky,* 283 AD2d 553; *Matter of Gambardella v Ortov Light.,* 278 AD2d 494). The defendants failed to submit any excuse for their failure to timely appear or answer the complaint, to respond to the motion for leave to enter a judgment upon their failure to appear or answer, or their delay in seeking relief after the order granting the plaintiff's motion was entered. Their counsel, who was retained a month after the judgment was entered, offered little more than a passing reference to law office failure to excuse the additional six-month delay before he moved to vacate the order. While CPLR 2005 allows a court to excuse a default due to law office failure, mere neglect will not be accepted as a reasonable excuse (*see Incorporated Vil. of Hempstead v Jablonsky, supra* at 554). Furthermore, the defendants failed to offer sufficient evidence to demonstrate a meritorious defense. Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendants' motion. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.