■ David Goodman, Appellant, v New York City Health & Hospitals Corporation, Respondent. [768 NYS2d 365]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated January 9, 2003, which denied his motion for leave to enter judgment upon the defendant's default in answering and for an inquest on the issue of damages, and granted the defendant's cross motion to compel him to accept its answer.

Ordered that the order is affirmed, with costs.

In support of his motion for leave to enter judgment against the defendant upon its default in answering, the plaintiff failed to proffer either an affidavit of the facts or a complaint verified by a party with personal knowledge of the facts (*see* CPLR 3215 [f]; *Paz v Long Is. R.R. Co.,* 204 AD2d 611 [1994]; *Drake v Drake,* 296 AD2d 566 [2002]; *Parratta v McAllister,* 283 AD2d 625 [2001]; *Fiorino v Yung Poon Yung,* 281 AD2d 513 [2001]). Accordingly, the motion was properly denied.

Furthermore, the Supreme Court providently exercised its discretion in granting the defendant's cross motion to compel the plaintiff to accept its answer and in excusing the defendant's delay in serving an answer (*see* CPLR 2004, 3012 [d]). In view of the absence of any prejudice to the plaintiff, the existence of a possible meritorious defense, the lack of willfulness on the part of the defendant, and the public policy in favor of resolving cases on the merits, we agree with the Supreme Court that, as a matter of discretion, the defendant's delay in answering was properly excused (*see Drake v Drake, supra; Calcagno v Magistrelli,* 284 AD2d 289 [2001]; *Kaiser v Delaney,* 255 AD2d 362 [1998]; *Van Man Adhesives Corp. v City of New York,* 236 AD2d 465 [1997]). Ritter, J.P., Smith, Friedmann, H. Miller and Crane, JJ., concur.