■ MATTIE BUNCH, Appellant, v DOLLAR BUDGET, INC., Respondent. [783 NYS2d 829]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated December 5, 2003, which granted the defendant's motion to extend the time to serve an answer and to compel him to accept it, and denied his cross motion, in effect, for leave to enter judgment against the defendant upon the default in appearing and answering and to set the matter down for an inquest on the issue of damages.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the defendant's motion and denying the plaintiff's cross motion. The defendant's delay in appearing and answering was brief, the default was not willful, and there was no evidence that the plaintiff was prejudiced (*see Sippin v Gallardo,* 287 AD2d 703, 703-704 [2001]; *Khanna v Premium Food & Sports Enter.,* 279 AD2d 508, 509 [2001]; *Lichtman v Sears, Roebuck & Co.,* 236 AD2d 373 [1997]). Moreover, public policy favors the resolution of cases on the merits (*see Sippin v Gallardo, supra*).

The plaintiff's cross motion was properly denied for the ad-

ditional reason that it was defective, since the plaintiff failed to submit proof of compliance with CPLR 3215 (g) (4) (i) (*see Schilling v Maren Enters.,* 302 AD2d 375, 376 [2003]). Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.