■ FREDERIKA FRIEDMAN, Appellant, v DAVID OSTREICHER et al., Respondents. [803 NYS2d 703]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated October 15, 2004, which denied her motion for leave to enter a judgment against the defendants upon their failure to appear or answer, and for an inquest on the issue of damages, and granted the defendants' cross motion to compel her to accept their verified answer.

Ordered that the order is affirmed, with costs.

Proof that service upon the defendant David Ostreicher (hereinafter Ostreicher) was made by delivery of the summons and complaint to a person of suitable age and discretion at his dwelling and by mailing a copy to him at his residence was filed with the Kings County Clerk on June 3, 2004. Pursuant to CPLR 308 (2), service was complete 10 days after the filing date, and Ostreicher's time to appear or answer did not begin to run until June 13, 2004 (see CPLR 320 [a]). Thereafter, Ostreicher timely served an answer on July 1, 2004, within 30 days after service was complete (see CPLR 320 [a]). Accordingly, Ostreicher was not in default in answering and that branch of the defendants' cross motion which was to compel the plaintiff to accept his answer was properly granted.

The Supreme Court providently exercised its discretion in granting that branch of the defendants' cross motion which was to compel the plaintiff to accept the answer asserted on behalf of the defendant Brenda Ostreicher. The delay of Brenda Ostreicher in appearing and answering was brief and not willful, and there was no prejudice to the plaintiff (see CPLR 3012 [d]; *Bunch v Dollar Budget, Inc.,* 12 AD3d 391 [2004]; *Trimble v SAS Taxi Co. Inc.,* 8 AD3d 557 [2004]; *Goodman v New York City Health & Hosps. Corp.,* 2 AD3d 581 [2003]). Furthermore, there is a strong public policy in favor of resolving cases on the merits (see *Bunch v Dollar Budget, Inc., supra*). Cozier, J.P., Santucci, Luciano, Fisher and Covello, JJ., concur.