■ MARY GAINEY et al., Appellants, v HUBERT ANORZEJ, Respondent. [811 NYS2d 679]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated October 22, 2004, which granted the defendant's motion, in effect, pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated June 7, 2002, granting the plaintiffs' motion for leave to enter judgment on the issue of liability upon his default in appearing or answering, pursuant to CPLR 3012 (d) to extend his time to serve an answer and to compel them to accept his answer, and pursuant to CPLR 5015 (a) (5) to vacate and set aside an inquest on damages taken on July 12, 2002, at the conclusion of which the court awarded them damages in the principal sum of $100,000.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, the motion is denied, and the order dated June 7, 2002, and the damages award are reinstated.

The defendant does not deny that he had notice of the June 2002 order granting the plaintiffs' motion for leave to enter judgment on the issue of liability upon his default in appearing or answering the complaint. Accordingly, that branch of the defendant's application which was to vacate his default in appearing or answering the complaint on the ground of excusable neglect pursuant to CPLR 5015 (a) (1), made two years after he had notice of the order entered upon his default, should have been denied as untimely (*see Hartcorn v Hartcorn*, 299 AD2d 395 [2002]; *Kachar v Berlin*, 296 AD2d 479 [2002]; *Nahmani v Town of Ramapo*, 262 AD2d 291 [1999]; *Matter of Brittany J.*, 235 AD2d 310 [1997]).

Furthermore, in view of the absence of a reasonable excuse for the inordinate delay in appearing or answering the complaint, the failure to respond to the plaintiffs' motion for leave to enter a default judgment on the issue of liability, the failure to appear at the scheduled inquest (*see Trotman v Aya Cab Corp.*, 300 AD2d 573 [2002]; *Habacht v Caroccia*, 133 AD2d 338 [1987]), and the defendant's pattern of willful neglect and default (*see Roussodimou v Zafiriadis*, 238 AD2d 568 [1997]), the Supreme Court improvidently exercised its discretion in granting the defendant's motion to extend his time to serve an answer and to compel the plaintiffs to accept it pursuant to CPLR 3012 (d) (*see Andrade v Ranginwala*, 297 AD2d 691 [2002]; *Jerrick Waterproofing Co. v Park Plaza Owners Corp.*, 251 AD2d 628 [1998]; *cf. Friedman v Ostreicher*, 22 AD3d 798 [2005]; *Trimble v SAS Taxi Co. Inc.*, 8 AD3d 557 [2004]; *Goodman v New York City Health & Hosps. Corp.*, 2 AD3d 581 [2003]).

In light of our determination, that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (5) to vacate and set aside the inquest on damages on the ground of vacatur of the order dated June 7, 2002, upon which the inquest was based, must also be denied. Cozier, J.P., Santucci, Luciano, Fisher and Covello, JJ., concur.