■ Naomi Jolkovsky, Respondent, v John E. Legeman et al., Defendants, and Chase Manhattan Automotive Finance Corporation, Appellant. [819 NYS2d 561]—

In an action to recover damages for personal injuries, the de-

fendant Chase Manhattan Automotive Finance Corporation appeals from an order of the Supreme Court, Kings County (Rosenberg, J.), dated May 20, 2005, which granted the plaintiff's motion for leave to enter judgment against it upon its default in appearing and answering the complaint and denied its cross motion pursuant to CPLR 3102 (d) to extend its time to serve and file an answer and to compel the plaintiff to accept its late answer.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, the cross motion is granted, and the "amended answer with cross claim to supplemental complaint" annexed to the cross motion papers is deemed served upon the plaintiff.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for leave to enter judgment against the defendant Chase Manhattan Automotive Finance Corporation (hereinafter Chase) upon Chase's default in appearing and answering the complaint, and in denying Chase's cross motion pursuant to CPLR 3012 (d) to extend the time to serve and file an answer and to compel the plaintiff to accept its late answer. Chase's "delay in appearing and answering was brief, the default was not willful, and there was no evidence that the plaintiff was prejudiced" (*Bunch v Dollar Budget, Inc.,* 12 AD3d 391 [2004]; *see Friedman v Ostreicher,* 22 AD3d 798, 799 [2005]). Moreover, public policy favors the resolution of cases on the merits (*see Bunch v Dollar Budget, Inc., supra*). Florio, J.P., Santucci, Rivera and Covello, JJ., concur.