■ ANTOINETTE CRIMMINS, Appellant, v SAGONA LANDSCAPING, LTD., Respondent, et al., Defendants. [822 NYS2d 141]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated July 19, 2005, which granted the motion of the defendant Sagona Landscaping, Ltd., for leave to renew and reargue her prior motion for leave to enter judgment

against it upon its default in timely interposing an answer and its prior cross motion to compel her to accept service of its answer and, upon renewal and reargument, vacated a prior order of the same court dated March 2, 2005, granting her prior motion and denying the prior cross motion, and denied the prior motion, granted the prior cross motion, vacated the default, and compelled the plaintiff to accept service of the answer.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion to grant leave to renew and reargue the plaintiff's prior motion for leave to enter judgment against the defendant Sagona Landscaping, Ltd. (hereinafter Sagona), upon its default in timely interposing an answer and Sagona's cross motion to compel the plaintiff to accept service of its answer. A plaintiff seeking judgment on default must demonstrate, among other things, "proof by affidavit made by the party of the facts constituting the claim" (CPLR 3215 [f]). Sagona's papers in support of the motion for leave to renew and reargue demonstrated, through the deposition testimony of the plaintiff, that her assertion in support of her motion for a default judgment, to the effect that the railing in issue had been constructed at the behest of Sagona, was not based upon her personal knowledge and that, in fact, she did not know who had installed the railing. The deposition of the defendant Thomas Crimmins confirmed that the railing had been constructed by the defendant Cutting Edge, without any involvement by Sagona. The Supreme Court thus properly concluded that the plaintiff was not entitled to the judgment on default that she had previously been granted (*see Blam v Netcher*, 17 AD3d 495, 496 [2005]; *Taebong Choi v JKS Dry Cleaning Equip. Corp.*, 15 AD3d 566 [2005]; *Peniston v Epstein*, 10 AD3d 450 [2004]; *Goodman v New York City Health & Hosps. Corp.*, 2 AD3d 581 [2003]; *Parratta v McAllister*, 283 AD2d 625 [2001]). Further, in the circumstances presented here, particularly the brief delay involved, the lack of prejudice to the plaintiff from the delay, the existence of potentially meritorious defenses, and the public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in granting Sagona's cross motion to compel the plaintiff to accept service of the answer (*see* CPLR 2004, 3012 [d]; *Friedman v Ostreicher*, 22 AD3d 798, 799 [2005]; *Yonkers Rib House, Inc. v 1789 Cent. Park Corp.*, 19 AD3d 687 [2005]; *Goodman v New York City Health & Hosps. Corp.*, *supra* at 582; *Parratta v McAllister*, *supra*; *see also Peniston v Epstein*, *supra*). Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.