■ Bruria Giladi, Appellant, v City of New York, Defendant, and New York City Transit Authority, Respondent. [826 NYS2d 328]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated February 22, 2006, which granted the motion of the defendant New York City Transit Authority, in effect, to vacate its default in appearing or answering the complaint and to compel her to accept its untimely answer.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the motion of the defendant New York City Transit Authority (hereinafter the defendant), in effect, to vacate its default in appearing or answering the complaint and to compel the plaintiff to accept its answer, which was untimely served. The defendant's delay in answering was brief, the default was not willful, there exists a potentially meritorious defense, and there was no evidence of prejudice to the plaintiff *(see Bunch v Dollar Budget, Inc.,* 12 AD3d 391 [2004]; *Orwell Bldg. Corp. v Bessaha,* 5 AD3d 573 [2004]; *Sippin v Gallardo,* 287 AD2d 703 [2001]). Furthermore, public policy favors the resolution of cases on the merits *(see Bunch v Dollar Budget, supra).* Adams, J.P., Santucci, Mastro and Lifson, JJ., concur.