■ JAMES J. GIACOPELLI et al., Appellants, v DINO GUIDUCCI et al., Respondents. [828 NYS2d 584]—

In an action, inter alia, to recover damages for breach of a fiduciary duty, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Nelson, J.), dated December 21, 2005, as denied their motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Dino Guiducci upon his failure to answer the complaint and granted

that branch of the defendants' cross motion which was to compel them to accept the answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

In seeking a default judgment against the defendant Dino Guiducci, the plaintiffs were not required to comply with the additional notice requirements of CPLR 3215 (g) (3) because this is not "an action based upon nonpayment of a contractual obligation" (CPLR 3215 [g] [3] [i]; cf. *NYCTL-1 Trust v Liberty Bay Realty Corp.*, 21 AD3d 1013 [2005]). Thus, the Supreme Court should not have denied the plaintiffs' motion based on the failure to provide additional notice pursuant to CPLR 3215 (g) (3).

However, denying the plaintiffs' motion and granting that branch of the defendants' cross motion which was to compel acceptance of their answer was appropriate given, inter alia, the brief delay in answering, the absence of prejudice to the plaintiffs, the existence of potentially meritorious defenses, and the public policy favoring resolution of issues on the merits (*see Giladi v City of New York*, 34 AD3d 733 [2006]; *Jolkovsky v Legeman*, 32 AD3d 418, 419 [2006]; *New York & Presbyt. Hosp. v Auto One Ins. Co.*, 28 AD3d 441 [2006]). Accordingly, we affirm. Ritter, J.P., Goldstein, Florio and Covello, JJ., concur.