■ FREDERICK NICKELL, Appellant, v PATHMARK STORES, INC., Defendant, and GOULD LONG ISLAND CITY CORP., Respondent. [843 NYS2d 177]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated October 12, 2006, as denied his motion for leave to enter a judgment against the defendant Gould Long Island City Corp., upon that defendant's default in appearing and answering the complaint, and (2), as limited by his brief, from so much of an order of the same court entered December 19, 2006, as, in effect, denied that branch of his motion which was for leave to renew and granted the cross motion of the defendant Gould Long Island City Corp. for leave to serve a late answer pursuant to CPLR 3012 (b) and to compel the plaintiff to accept its late answer.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

We affirm the order denying the appellant's motion for leave to enter a default judgment against the respondent insofar as appealed from, but on grounds different from those relied upon by the Supreme Court. Considering the respondent's explanation for its brief delay in appearing and answering, the existence of a potentially meritorious defense, and the lack of prejudice to the appellant, and in light of the strong public policy in favor of resolving cases on the merits, the respondent's delay in answering was properly excused (*see D'Aquila v Marchena*, 37 AD3d 398 [2007]; *Jolkovsky v Legeman*, 32 AD3d 418, 419 [2006]; *Schonfeld v Blue & White Food Prods. Corp.*, 29 AD3d 673, 674 [2006]; *Bunch v Dollar Budget, Inc.*, 12 AD3d 391 [2004]; *Eckna v Kesselman*, 11 AD3d 507 [2004]; *Albano v Nus Holding Corp.*, 233 AD2d 280, 281 [1996]). Moreover, the "new facts" submitted by the appellant in support of renewal would not have changed the court's prior determination of his motion for leave to enter a default judgment against the respondent. As such, the Supreme Court properly, in effect, denied that branch of the appellant's motion which was for leave to renew (*see* CPLR 2221 [e] [2]), and providently exercised its discretion in granting the respondent's cross motion for leave to serve a late answer pursuant to CPLR 3012 (b) and to compel the appellant to accept the late answer (*see Jolkovsky v Legeman*, 32 AD3d at 419; *Schonfeld v Blue & White Food Prods. Corp.*, 29 AD3d at 674). Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.