■ Bobby Montgomery, Respondent, v Cranes, Inc., et al., Appellants. [855 NYS2d 681]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Dollard, J.), dated November 23, 2007, which granted the plaintiff's motion for leave to enter judgment against them upon their failure to answer or appear, and denied their cross motion to vacate their default and dismiss the complaint pursu-

ant to CPLR 3211 (a) (5) or, in the alternative, to extend the time to appear and file an answer and compel the plaintiff to accept their late answer.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting the plaintiff's motion for leave to enter a default judgment upon the defendants' failure to answer or appear, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying those branches of the defendants' cross motion which were to vacate their default and to extend the time to appear and file an answer and compel the plaintiff to accept their answer, and substituting therefor a provision granting those branches of the defendants' cross motion; as so modified, the order is affirmed, with costs, and the answer which was annexed to the cross motion papers is deemed served upon the plaintiff.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for leave to enter a default judgment upon the defendants' failure to answer or appear, and in denying those branches of the defendants' cross motion which were to vacate their default and to extend the time to appear and file an answer and compel the plaintiff to accept their late answer. The defendants provided a potentially meritorious defense and a reasonable excuse for the delay, and there was no evidence that the plaintiff was prejudiced or that the default was willful (*see Finkelstein v Sunshine,* 47 AD3d 882 [2008]; *Altairi v Cineus,* 45 AD3d 707 [2007]; *Nickell v Pathmark Stores, Inc.,* 44 AD3d 631 [2007]). Moreover, public policy favors the resolution of cases on the merits (*see Jolkovsky v Legeman,* 32 AD3d 418, 419 [2006]).

The Supreme Court, however, properly denied that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground of general release. Since the release executed by the plaintiff and the defendant driver's employer did not mention the defendant driver and the defendant owner, it did not bar the plaintiff from commencing this action against the defendants herein (*see* General Obligations Law § 15-108; *Wells v Shearson Lehman/American Express,* 72 NY2d 11, 21-22 [1988]; *Morales v Rotino,* 27 AD3d 433 [2006]; *cf. Tamayo v Ford Motor Titling Trust,* 284 AD2d 529 [2001]). The plaintiffs' remaining contentions regarding the release are without merit (*see Falconieri v A & A Discount Auto Rental,* 262 AD2d 446 [1999]; *DeQuatro v Zhen Yu Li,* 211 AD2d 609 [1995]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.