BARRY N. SHAPIRO et al., Respondents, v SURINDER S. CHAWLA et al., Appellants. [866 NYS2d 356]—

In an action, inter alia, to recover damages for breach of contract, the defendants, Surinder S. Chawla and Harbajan S. Chawla, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated November 21, 2007, as granted that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendant Surinder S. Chawla, and denied that branch of the cross motion of the defendant Surinder S. Chawla which was to compel the plaintiffs to accept his late answer.

Ordered that the appeal by the defendant Harbajan S. Chawla is dismissed, as he is not aggrieved by the portion of the order appealed from; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Surinder S. Chawla, on the facts and in the exercise of discretion, that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendant Surinder S. Chawla is denied, and that branch of the defendants' cross motion which was to compel the plaintiffs to accept the late answer of the defendant Surinder S. Chawla is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Surinder S. Chawla.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendant Surinder S. Chawla. On the question of whether there was a reasonable excuse for the delay, we note that the plaintiffs caused confusion by failing to serve the defendant Harbajan S. Chawla, who is the brother of Surinder S. Chawla, and warning the defendants that they were in default in a letter addressed to a "Mrs. Harbajan S. Chawla" at the residential address of the defendant Surinder S. Chawla. Considering the explanation given by Surinder S. Chawla for his brief delay in appearing and answering, the existence of potentially meritorious defenses including, inter alia, that the plaintiffs' action was barred by the applicable statute of limitations (*see* CPLR 213 [8]), and in light of the strong public policy in favor of resolving cases on their merits, the delay in answering should have been excused (*see Nickell v Pathmark Stores, Inc.*, 44 AD3d 631 [2007]).

We further note that the plaintiffs suffered no prejudice from the delay. Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.