OPINION OF THE COURT
Arthur M. Schack, J.
*504 Plaintiffs’ renewed motion, upon the default of all defendants, for a judgment of foreclosure and sale on a tax lien certificate for the premises located at 713 Fifth Avenue, Brooklyn, New York (block 899, lot 6, County of Kings) is denied without prejudice. In the original motion, the “affidavit of the facts,” submitted in support of this application for a default judgment of foreclosure and sale, was not executed by an officer of plaintiff, NYCTL 2005-A Trust, or someone with a power of attorney from the Trust. Plaintiffs attempt to cure this defect in this renewed motion by presenting a new affidavit from their servicing agent, claiming that he has the power to make his affidavit due to selected portions presented of an uncertified copy of an alleged servicing agreement between the Trust and other parties. This does not meet the statutory requirements of CPLR 3215 (f). Leave is granted to the Trust to renew its motion for a judgment of foreclosure and sale upon presentation to the court, within 90 days of this decision and order, of the Trust’s compliance with the requirements of CPLR 3215 (f), with an “affidavit of the facts” executed by someone who is an officer of the Trust or someone who has a valid power of attorney from the Trust.
Background
The Trust purchased certain tax liens from the City of New York on July 27, 2005. These liens, including the tax lien for the premises at 713 Fifth Avenue, Brooklyn, New York (block 899, lot 6, County of Kings), were recorded in the Office of the City Register, New York City Department of Finance, on September 15, 2005, at City Register file No. 2005000516779.
In my unpublished decision and order, dated January 8, 2008, I denied plaintiffs’ motion for a judgment of foreclosure and sale for plaintiffs’ failure to present an “affidavit made by the party,” pursuant to CPLR 3215 (f). The original motion for a judgment of foreclosure and sale had an affidavit by Albert Fiorello, “the Authorized Signatory of PLYMOUTH PARK TAX SERVICES, LLC, the servicing agent for the plaintiffs, who are the holders of the tax lien certificate being foreclosed in this action.” For reasons unknown to the court, plaintiffs failed to provide any power of attorney authorizing Plymouth Park Tax Services, LLC to go forward with the instant foreclosure action. Therefore, I denied the motion for a judgment of foreclosure and sale, without prejudice for plaintiffs
“to renew [their] motion for a judgment of foreclosure and sale of the premises located at 713 Fifth Avenue, Brooklyn, New York (Block 899, Lot 6, County *505 of Kings), upon presentation to the Court of its compliance with the statutory requirements of CPLR § 3215 (f), with an affidavit of facts by someone with authority to execute such an affidavit.”
Plaintiffs, in their renewed motion for a judgment of foreclosure and sale, present an affidavit in support of the motion from Mr. Fiorello, dated April 25, 2008 (exhibit E of motion). Mr. Fiorello states:
“1. I am an Authorized Signatory of PLYMOUTH PARK TAX SERVICES, LLC, D/B/A/ XSPAND, Inc., which is the Servicer for plaintiffs herein pursuant to Servicing Agreement dated June 1, 2005. PLYMOUTH PARK TAX SERVICES, LLC, D/B/A XSPAND, Inc., in its capacity as Servicer, manages and administers tax liens held by Plaintiffs, including the subject tax lien.
“2. Pursuant to Article II, Section 2.01 of said Agreement, Servicer has full power and authority to ‘prepare, execute, acknowledge and deliver, in connection with any foreclosure action ... on behalf of the applicable parties to this Agreement, the following documents: (i) affidavit of verification of debt, (ii) affidavit in support of default judgment, (iii) affidavit in support of motion for summary judgment, (iv) affidavit regarding testimony before referee, (v) computation of amount due, (vi) combined verification, oath and designation regarding the appointment of an administrator with the surrogate court and (vii) such other oaths, affidavits and/or documents as may be necessary for the prosecution of the foreclosure action.’ ”
A relevant portion of the servicing agreement is annexed as an exhibit to the accompanying attorney’s affirmation.
Several uncertified photocopied pages of a purported servicing agreement, dated June 1, 2005, between the Trust, as issuer, XSPAND, Inc., as servicer, Plymouth Financial Company, Inc., as service guarantor, and the Bank of New York, as paying agent and collateral agent and custodian (exhibit F of motion), are presented to the court. Even if this is acceptable in place of a valid power of attorney from the Trust, the signature page presented with the alleged signature of Ryan Bittner, Assistant Treasurer of the Bank of New York, claims that the Bank of New York is the “Indenture Trustee,” not “Paying Agent and Collateral Agent and Custodian,” and this page does not show *506 XSPAND, Inc., as servicer, and Plymouth Financial Company, Inc., as service guarantor, but “JER REVENUE SERVICES, LLC,” as servicer and “J.E. ROBERT COMPANY, INC.,” as service guarantor.
Discussion
Just as in the original motion, the plaintiffs have failed to meet the clear requirements of CPLR 3215 (f) for a default judgment:
“On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint, or a summons and notice served pursuant to subdivision (b) of rule 305 or subdivision (a) of rule 316 of this chapter, and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party . . . Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party’s attorney.” (Emphasis added.)
Plaintiffs failed to submit “proof of the facts” in “an affidavit made by the party.” The original motion had an affidavit submitted by Albert Fiorello, “the Authorized Signatory of PLYMOUTH PARK TAX SERVICES, LLC, the servicing agent for the plaintiffs.” I noted that Mr. Fiorello must have, as plaintiffs’ agent, a valid power of attorney for that express purpose, and if a power of attorney was presented to this court and it referred to servicing agreements, the court needs a properly offered copy of the servicing agreements, to determine if the servicing agent may proceed on behalf of plaintiffs. (Finnegan v Sheahan, 269 AD2d 491 [2d Dept 2000]; Hazim v Winter, 234 AD2d 422 [2d Dept 1996]; EMC Mtge. Corp. v Batista, 15 Misc 3d 1143[A], 2007 NY Slip Op 51133[U] [Sup Ct, Kings County 2007]; Deutsche Bank Natl. Trust Co. v Lewis, 14 Misc 3d 1201 [A], 2006 NY Slip Op 52368[U] [Sup Ct, Suffolk County 2006].)
In the instant renewed motion, plaintiffs have offered a new affidavit from Mr. Fiorello, alleging that the servicing agreement between the plaintiffs and Mr. Fiorello’s company authorize him to act on behalf of the plaintiffs. The servicing agreement is not a power of attorney. The parties in their servicing agreement cannot waive the requirements of CPLR 3215 (f) for a default judgment. Thus, the court still needs an affidavit from *507 an officer of the Trust or an affidavit of facts from someone with a valid power of attorney from the Trust to grant a judgment of foreclosure and sale. If the Trust gives a valid power of attorney to someone to execute an affidavit of facts for a default judgment and the power of attorney refers to a servicing agreement, the court needs to see the entire properly offered copy of the servicing agreement for the reasons stated in the previous paragraph.
Also, if a servicing agreement is presented with a renewed motion for a judgment of foreclosure and sale, it must be an original or a copy of the original certified by plaintiffs’ attorney, pursuant to CPLR 2105. CPLR 2105 states that “an attorney admitted to practice in the court of the state may certify that [the copy] has been compared by him with the original and found to be a true and complete copy.” (See Security Pac. Natl. Trust Co. v Cuevas, 176 Misc 2d 846 [Civ Ct, Kings County 1998].)
Additionally, in the instant action the court, without an affidavit of the facts, cannot grant a default judgment, pursuant to CPLR 3215 (f), because plaintiffs’ complaint is unverified. In Blam v Netcher (17 AD3d 495, 496 [2d Dept 2005]), the Court reversed a default judgment granted in Supreme Court, Nassau County, holding that:
“In support of her motion for leave to enter judgment against the defendant upon her default in answering, the plaintiff failed to proffer either an affidavit of the facts or a complaint verified by a party with personal knowledge of the facts (see CPLR 3215 [f]: Goodman v New York City Health & Hosps. Corp. 2 AD3d 581 [2003]; Drake v Drake, 296 AD2d 566 [2002]; Parratta v McAllister, 283 AD2d 625 [2001]). Accordingly, the plaintiffs motion should have been denied, with leave to renew on proper papers (see Henriquez v Purins, 245 AD2d 337, 338 [1997]).” (See Hazim v Winter, supra; Finnegan v Sheahan, supra; DeVivo v Sparago, 287 AD2d 535 [2d Dept 2001]; Peniston v Epstein, 10 AD3d 450 [2d Dept 2004]; Taebong Choi v JKS Dry Cleaning Equip. Corp., 15 AD3d 566 [2d Dept 2005]; Matone v Sycamore Realty Corp., 31 AD3d 721 [2d Dept 2006]; Crimmins v Sagona Landscaping, Ltd., 33 AD3d 580 [2d Dept 2006].)
Therefore, the instant motion for a judgment of foreclosure and sale is denied without prejudice. The court will grant the *508 Trust a judgment of foreclosure and sale if the Trust submits an affidavit by either an officer of the Trust, or someone with a valid power of attorney from the Trust, possessing personal knowledge of the facts, within 90 days of this decision and order.
Conclusion
Accordingly, it is ordered that the motion of plaintiffs, NYCTL 2005-A Trust and the Bank of New York, as collateral agent and custodian for the NYCTL 2005-A Trust, for a judgment of foreclosure and sale of the premises located at 713 Fifth Avenue, Brooklyn, New York (block 899, lot 6, County of Kings), is denied without prejudice; and it is further ordered that leave is granted to plaintiffs, NYCTL 2005-A Trust and the Bank of New York, as collateral agent and custodian for the NYCTL 2005-A Trust, to renew their motion for a judgment of foreclosure and sale of the premises located at 713 Fifth Avenue, Brooklyn, New York (block 899, lot 6, County of Kings), within 90 days of this decision and order, upon presentation to the court of their compliance with the statutory requirements of CPLR 3215 (f), with an affidavit of facts by either an officer of plaintiff NYCTL 2005-A Trust or someone with a valid power of attorney from plaintiff NYCTL 2005-A Trust.