■ DARLIND CONSTRUCTION, INC., Appellant, v PRISM SOLAR TECHNOLOGIES, INC., Respondent. [971 NYS2d 119]—In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated April 23, 2012, which denied its motion for leave to enter a judgment on the issue of liability against the defendant, upon the defendant's default in answering, and, in effect, granted the defendant's cross application to compel the plaintiff to accept its late answer.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, in effect, granted the defendant's cross application to compel the plaintiff to accept its late answer is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

It is undisputed that the defendant timely appeared by making a motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Thus, the defendant's time to answer was extended until 10 days after the defendant was served with notice of entry of the order denying certain branches of that motion (*see* CPLR 3211 [f]). The defendant served its answer three days after the time period within which to do so had expired (*see* CPLR 2103 [b] [2]).

Considering the minimal delay in answering, the absence of prejudice to the plaintiff, the lack of willfulness on the part of the defendant, and the public policy in favor of resolving cases on the merits, the delay in serving the answer was properly excused (*see* CPLR 2004, 3012 [d]; *Hosten v Oladapo*, 52 AD3d 658 [2008]; *Jolkovsky v Legeman*, 32 AD3d 418 [2006]; *Bunch v*

*Dollar Budget, Inc.*, 12 AD3d 391 [2004]; *Trimble v SAS Taxi Co. Inc.*, 8 AD3d 557, 558 [2004]). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.